UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN MANUEL PAVAO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-11028-DJC |
| JOAO R. CAMARA, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**            May 29, 2014

**I.**     **Introduction**

Plaintiff John Manuel Pavao ("Pavao") has filed this lawsuit against Joao R. Camara ("Camara") alleging claims of breach of contract, fraud, intentional infliction with emotional distress, unjust enrichment, breach of fiduciary duty and constructive fraud. D. 30. Camara has not answered the complaint and Pavao has moved for a default judgment. D. 57. For the reasons stated below, the motion is ALLOWED IN PART.

**II.**     **Standard of Review**

Even where a defendant fails to answer a complaint, it remains within the discretion of the Court whether to grant default judgment. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (noting that even when a defendant defaults, before the court enters default judgment, it is "required to determine whether the . . . allegations establish [the defendant's] liability as a matter of law"). A "default judgment on the well-pleaded allegations in [a] complaint establishe[s] only [the] defendant's liability." Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir.

1

1976). "Those allegations relating to the amount of damages, however, are not taken as true." Rodriguez v. Craig, No. 91–10665–RWZ, 1994 WL 561999, at * 2 (D. Mass. Sept. 29, 1994) (citations omitted); see also KPS Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003). Therefore, the Pavao has the burden of establishing the amount of damages he is entitled to recover. Eisler, 535 F.2d at 153–54; see also Felix v. C.P.Q. Freight Sys., No. 11-10071-PBS, 2014 WL 898243, at *2 (D. Mass. Feb. 10, 2014), report and recommendation adopted, No. 11-10071-PBS, 2014 WL 880713 (D. Mass. Mar. 4, 2014).

### III. Background

Pavao has alleged that Camara owes him $100,000.00 arising out of the sale of a property in Dighton, Massachusetts, whereby Pavao lent Camara money to purchase the property, secured by a mortgage on the property. D. 30 ¶ 4; D. 57-2 ¶ 1 (affidavit in support of default judgment). Pavao alleges that, on or about May 8, 2006, Camara fraudulently misrepresented to Pavao that he could afford to make the payments on the loan underlying the mortgage. Id. Pavao further alleges that based upon these representations, Pavao sold Camara the property in question. Id. According to Pavao's allegations, Camara has defaulted on the loan. D. 30 ¶ 4.

### IV. Discussion

#### A. Entitlement to Default Judgment on Some of Pavao's Claims

As a complaint can, in isolation, establish liability for purposes of a default judgment, Eisler, 535 F.2d at 153, the Court looks to Pavao's amended complaint to determine whether it has made the requisite showing for a default judgment.

The amended complaint here alleges a claim of breach of contract. To allege a breach of contract claim, Pavao must show that the parties reached a valid and binding agreement, Camara breached the terms of the agreement and Pavao suffered damages as a result of the breach.

Michelson v. Digital Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999). Here, Pavao has alleged that Camara had agreed to pay money he owed to Pavao in consideration for a loan secured by a mortgage on the property. D. 30 ¶ 4; D. 57-2 ¶ 1. Pavao has alleged that Camara has breached that agreement by failing to pay the money owed and has suffered damages in the amount of the outstanding balance. Id. Pavao has therefore made a sufficient showing as to the prima facie case for breach of contract.

The Court notes that because Camara has defaulted on Pavao's claims, it has not considered any valid defenses that Camara may have to Pavao's claim for breach of contract, such as a defense based upon the Massachusetts statute of frauds, which provides that "[n]o action shall be brought . . . [u]pon a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them . . . [u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." Mass. Gen. L. c. 259, § 1; see In re Vincente, 446 B.R. at 30-31 (noting that because a mortgage is an interest in real property, the statute of frauds is implicated); see Blackstone Realty LLC v. F.D.I.C., 244 F.3d 193, 197 (1st Cir. 2001) (noting that statute of frauds is an affirmative defense); see also McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996) (affirming district court's entry of default judgment where district court had declined to entertain affirmative defense that defendants had waived).

Even if there were no liability for breach of contract, Pavao has also alleged a claim of unjust enrichment, which may be invoked in the absence of a binding contract. Rezendes v. Barrows, No. 96-01625, 1997 WL 448194, at *1 (Mass. Super. Jul. 31, 1997); see also Scott v. First Am. Title Ins. Co., No. 06-CV-286-JD, 2007 WL 135909, at *6 (D.N.H. Jan. 17, 2007)

(noting that "[u]njust enrichment is an equitable remedy, which is available only in the absence of a breach of contract remedy"); Cafe La France, Inc. v. Schneider Sec., Inc., 281 F. Supp. 2d 361, 375 (D.R.I. 2003) (noting that "[u]njust enrichment is an equitable doctrine that, in the absence of an enforceable contract, allows a plaintiff to recover a benefit transferred to a defendant if that defendant's ongoing possession would be inequitable"). A claim for unjust enrichment requires three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009). Here, Pavao has alleged that he conferred a loan upon Camara, Camara was aware of the detriment by taking the money and that he retained the benefit without paying his obligations. D. 30 ¶ 4; D. 57-2 ¶ 1. As Camara has defaulted and asserts no affirmative defenses to this claim, Pavao is entitled to a judgment on this claim.

To plead a claim for fraud under Massachusetts law, a plaintiff must plead that "the defendant made a false representation of material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his damage." Taylor v. Am. Chemistry Council, 576 F.3d 16, 31 (1st Cir. 2009) (quoting Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 458 (2002)) (internal quotation marks omitted). Here, Pavao has alleged that by granting a mortgage to Camara, he reasonably relied on a representation that Camara would be able to repay his debt and that at the time of the representation, Camara knew that representation was false. D. 30 ¶¶ 8-10. Accordingly, Pavao has asserted the elements of his claim for fraud.

Pavao's remaining claims fail even as the basis of liability for a default judgment. To

4

allege an intentional infliction of emotional distress claim, Pavao must demonstrate:

> (1) that [Camara] intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency' and 'was utterly intolerable in a civilized community;' (3) that the actions of [Camara] were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by [Pavao] was 'severe' and of a nature 'that no reasonable man could be expected to endure it.'

Gouin v. Gouin, 249 F. Supp. 2d 62, 73 (D. Mass. 2003) (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976)) (further citations omitted). "Behavior that is outrageous and extreme involves "a high order of reckless ruthlessness or deliberate malevolence that . . . is simply intolerable." Conway v. Smerling, 37 Mass. App. Ct. 1, 8 (1994). And indeed, in the context of financial litigation, courts have recognized that an unlawful foreclosure is not extreme or outrageous conduct. Koufos v. U.S. Bank, N.A., 939 F. Supp. 2d 40, 53 (D. Mass. 2013) (citations, internal quotations and alterations omitted). If unlawful debt collection practices are not extreme and outrageous, *a fortiori*, the Court cannot say that the allegation of mere nonpayment of a debt qualifies as extreme and outrageous behavior. Accordingly, Pavao has not demonstrated an entitlement to a default judgment on this cause of action. Finally, as to breach of fiduciary duty, a fiduciary relationship is an element of this cause of action that Pavao has not alleged. Davidson v. Gen. Motors Corp., 57 Mass. App. Ct. 637, 643 (2003).

Accordingly, the Court shall enter a default judgment on the contract and fraud claims, but not the remaining claims.

### B. Default Judgment Shall Enter in the Amount of $100,000

As discussed above, Pavao has the burden of establishing the amount of damages he is entitled to recover. Eisler, 535 F.2d at 153-54. In satisfaction of his burden of showing entitlement to a default judgment, Pavao has filed an affidavit stating that Camara owes Pavao

"$100,000.00 for the Balances due on a mortgage." D. 57-2 ¶ 1.

## V.     Conclusion

For the foregoing reasons, the Court ALLOWS the motion for a default judgment for the contract and fraud claims and shall enter a default judgment in the amount of $100,000.00.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge